UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMES A. WARNER, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:05-cv-362 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| MARINA NIKOLAEVNA IVANOVA, ) | |
| et al., ) | **MEMORANDUM OPINION** |
| ) | |
| Defendants. ) | |
| ) | |

      This is a *pro se* civil action brought by James Albert Warner against his former wife, Marina Ivanova, and two nonprofit corporations -- Bethany Christian Services and YWCA Women's Center. Plaintiff seeks judgment exceeding $7 million arising from a long and convoluted history of proceedings in the state courts involving the divorce of his wife and custody of his children. Plaintiff alleges that defendants have violated his federal constitutional and statutory rights beginning in 2001, when his former wife was the subject of state circuit court proceedings concerning her fitness as a parent of plaintiff's minor children. Plaintiff's complaint consists of a confusing and disjointed chronicle of events in the state courts involving issues of custody and ultimately criminal charges against his former wife for child abuse.

      The court has granted plaintiff leave to proceed *in forma pauperis*, in light of his indigence. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint

is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Accordingly, an action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325. A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). In applying these standards, the court must read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Upon careful review of the complaint, the court determines that it falls outside this court's subject-matter jurisdiction. The Federal Rules of Civil Procedure require every complaint, even one filed by a *pro se* litigant, to contain a short and plain statement of the grounds upon which the court's jurisdiction depends. FED. R. CIV. P. 8(a). Plaintiff's complaint contains none, nor is any basis for jurisdiction apparent. In general, the district court may exercise subject-matter jurisdiction only over civil actions in which the parties are of completely diverse citizenship, 28 U.S.C. § 1332, or when the case arises under the federal Constitution or laws, 28 U.S.C. § 1331. Diversity jurisdiction is obviously lacking, as all parties reside in the State of Michigan. Although plaintiff makes vague allegations concerning the violation of his constitutional and statutory rights, the facts set forth in the complaint, accepted as true, do not establish any substantial federal question. As a primary matter, only the state and federal government and those acting under color of law are capable

of violating constitutional rights.[1] The complaint is devoid of any allegation that Marina Ivanova or the two nonprofit corporations are governmental entities or acted under color of federal or state law. The mere fact that defendants were litigants in one of the many state cases mentioned in the complaint does not mean that defendants acted under color of state law. It is now well-settled that neither a litigant nor his attorney acts under color of state law by participating in a civil action. *See Kelm v. Hyatt*, 44 F.3d 415, 421-22 (6th Cir. 1995); *Ropoleski v. Rairigh*, 886 F. Supp. 1356, 1364 (W.D. Mich. 1995); *see also Cicchini v. Blackwell*, No. 04-3203, 2005 WL 673479, at * 3 (6th Cir. Mar. 24, 2005). Finally, plaintiff alludes to federal statutory rights, but alleges no facts even remotely suggesting that those rights were violated. In the absence of allegations creating a substantial federal question, the court has no subject-matter jurisdiction under section 1331. *See Franchise Tax Bd. of the State of California v. Construction Lab. Vacation Trust for S. Cal.*, 463 U.S. 1, 27 (1983).

Even if some allegation of the complaint were deemed to fall within this court's federal question subject-matter jurisdiction, plaintiff's claims are barred by two well-established judicial doctrines. First, plaintiff appears to seek federal court review of the rulings of the state courts in various civil and criminal matters. A federal district court has no authority to review final judgments of state-court judicial proceedings. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *see Gottfried v. Medical Planning Servs., Inc.*, 142 F.3d 326, 330 (6th Cir. 1998). Under this doctrine, a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a federal district court, based on the losing party's

---

[1] The sole exception is violation of the Thirteenth Amendment's proscription against slavery, a concept that is not involved in the present case.

claim that the state judgment itself violates the loser's rights. *See Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). The second doctrine is termed the "domestic relations" exclusion. Pursuant to this doctrine, issues such as marriage, divorce, and child custody matters fall within the exclusive province of the states. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). Jurisdiction is absent in those cases where an alleged tort action is merely a pretense and the suit actually seeks to interfere with state custody matters. *Id.* To the extent that it is intelligible, plaintiff's complaint appears to run afoul of both of these restrictions on the exercise of the district court's jurisdiction.

Having reviewed the complaint, the court determines that it falls outside this court's subject-matter jurisdiction and, additionally, fails to state a claim upon which relief can be granted. The complaint will therefore be dismissed. On the same grounds, the court certifies that any appeal of this decision would be frivolous and brought in bad faith. 28 U.S.C. § 1915(a)(3).

Date:     June 2, 2005                         /s/ Robert Holmes Bell
                                                ROBERT HOLMES BELL
                                                CHIEF UNITED STATES DISTRICT JUDGE